**IT IS SO ORDERED.**

**Dated: 26 March, 2024 03:11 PM**

Suzana Krstevski Koch
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| In re: | ) | Case No. 23-13616 |
|---|---|---|
| | ) | |
| DANIEL J. SATTLER and | ) | Chapter 7 |
| | ) | |
| DIANNE D. SATTLER, | ) | Judge Suzana Krstevski Koch |
| | ) | |
| Debtors. | ) | |

## ORDER

The matters before the Court are Debtors' Motion to Vacate Discharge (ECF No. 18) and Debtors' Brief in Support of the Motion to Vacate Discharge (ECF No. 22). Debtors represent that they emailed a signed copy of a reaffirmation agreement to Ally Bank on December 13, 2023, but that Ally Bank failed to file the agreement prior to discharge on January 24, 2024 (ECF No. 16). Debtors seek an order vacating the discharge to allow Ally Bank to file the reaffirmation agreement.

This Court is without jurisdiction to approve a reaffirmation agreement after the discharge has entered. 11 U.S.C. § 524(c)(1). Both parties must sign the agreement prior to discharge to satisfy the requirements of § 524(c)(1). See *In re Giglio*, 428 B.R. 397 (Bankr. N.D. Ohio 2009) (reaffirmation agreement was not made prior to discharge where debtor signed prior to discharge, but creditor signed after discharge); *See also In re Keener*, No. 20-60291, 2020 WL 6338023 (Bankr. N.D. Ohio Oct. 9, 2020) (a creditor's delay in returning a reaffirmation agreement does not justify vacating a discharge order); *In re Rigal*, 254 B.R. 145 (Bankr.S.D.Tex.2000) (debtor may request to delay the entry of discharge); *In re Simonetti*, No. 23-10178, (Bankr. N.D. Ohio Sept. 28, 2023). Accordingly, the Motion to Vacate Discharge is denied.

    IT IS SO ORDERED.